UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. ARMSTRONG, | § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. |
| vs. | § § § | |
| THE COCA-COLA COMPANY, | § § | |
| *Defendant*. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

The plaintiff, Christopher L. Armstrong, ("Plaintiff" or "Armstrong"), complains of Coca-Cola ("Defendant" or "Coca-Cola"), as follows:

**VENUE AND JURISDICTION**

1. Armstrong is a citizen of the United States and a resident of the State of Texas.

2. Armstrong was an employee of Coca-Cola and venue is proper because he has been subjected to unlawful employment practices committed in the State of Texas, Eastern District, Texarkana Division.

3. Coca-Cola is a global leader in the beverage industry.

4. Coca-Cola is a Delaware corporation, conducting business in the Eastern District at 1930 New Boston Road, Texarkana, Texas 75501 and elsewhere and this action accrued in whole or in part in the Eastern District.

5. Coca-Cola is registered to conduct business in the state of Texas and may be served with process by serving the registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(4), and 28 U.S.C. §1337. The complaint seeks declaratory relief pursuant to 28 U.S.C. §§2201, 2202.

7. This is a suit authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. as amended by the Civil Rights Act of 1991 (Title VII). This is a proceeding for compensatory and punitive damages, injunctive and other legal and equitable relief available to secure the rights of Armstrong under Title VII. It is brought to prevent Coca-Cola from maintaining policies, practices, customs or usages of discriminating against Armstrong in regard to terms, conditions, and privileges of employment in violation of Title VII.

8. This is a suit authorized and instituted pursuant to 42 U.S.C. § 1981. It is brought to prevent Coca-Cola from maintaining policies, practices, customs or usages of discriminating against Armstrong in regard to terms, conditions, and privileges of employment in violation of 42 U.S.C. § 1981.

## STATEMENT OF FACTS

9. Armstrong commenced employment at Coca-Cola on or about October 8, 2013, as an Order Builder.

10. Throughout 2014 and 2015, Armstrong was repeatedly subjected to race, sex, and religious based slurs by co-workers who were members of his work crew. The slurs included, but were not limited to "faggot"; "nigger"; "fucking Christians"; and being asked if he would "suck a man's dick for a million dollars." The co-workers who made harassing statements to Armstrong included employees Michael Benton ("Benton"), Demetrius Pegue ("Pegue"), Charlie Coleman ("Coleman"), Cody Alexander ("Alexander"), and Rodrick Brown ("Brown").

11. Armstrong complained to Human Resources and his supervisors numerous times about this conduct, and after he did so he suffered retaliation. His complaints included a complaint to Jeremy West ("West"), Supervisor, on or around July 2015. When Armstrong was discussing his complaint with West concerning Pegue, a forklift driver, Pegue heard West and began yelling at Armstrong that he was a "faggot ass nigger" and a "bitch ass nigger." Armstrong then complained to James Lattimore ("Lattimore"), the District Manager, on or about July 15, 2015, and provided a written statement for the Human Resources team, however, no effective action was taken to stop the harassing conduct.

12. Armstrong subsequently had to take medical leave due to the effect of the harassment conduct and upon his return he suffered further retaliation, including in that his supervisors West and/or Lattimore coached numerous employees to write up complaints about him. As a result of this further retaliation and the effect it had on his health Armstrong was forced to take disability leave. Armstrong's FMLA and disability leave resulted in economic losses as he received only a percentage of his regular pay and lost very significant amounts of overtime pay that his co-workers received.

13. While on disability leave, Armstrong was injured in a car accident which was attributable in substantial part due to excess medication prescribed to him by a psychiatrist treating his medical conditions relating to the discrimination and harassment at Coca-Cola. Armstrong suffered injuries which precluded his being able to work and he was placed on disability leave with Coca-Cola. On or about September 1, 2016, Armstrong was terminated by Coca-Cola following the expiration of his available FMLA leave.

## TITLE VII CLAIM

14. Armstrong incorporates herein all the factual allegations, *supra*.

15. Armstrong is male, Black, and Christian, and is a member of the protected sex, race, and religion groups within the meaning of Title VII.

16. At all times material to this action, Coca-Cola employed at least fifteen employees and is an employer within the meaning of Title VII.

17. Coca-Cola employs:

    A. More than 100 employees;
    B. More than 200 employees;
    C. More than 500 employees.

18. All conditions precedent to the filing of this suit have been met:

    A On or about November 9, 2015, Armstrong filed a charge of discrimination, Charge No. 450-2015-03308, alleging race, sex, and religious discrimination;
    B On or about May 12, 2016, Armstrong filed an amended charge of discrimination; Charge No. 450-2015-03308, alleging race, sex, religious, and retaliation discrimination;
    C. On August 25, 2016, the EEOC issued a Notice of Right to Sue to Armstrong.

19. Armstrong alleges that Coca-Cola, through its agents, supervisors, and/or employees, including West and/or Lattimore, and those employees listed in paragraph 20, engaged in a continuing course of discriminatory conduct in the terms, conditions, and privileges of employment, throughout his employment because of his race, sex, religion and/or in retaliation for his opposition to discriminatory employment practices in violation of Title VII, including in: failing to effectively remedy harassment leading to his having to take disability leave thereby losing full compensation he otherwise would have received; failing to effectively remedy harassment following his return from disability leave, and retaliating against him upon his return from leave, resulting in further need for disability leave; and termination of his employment due to absences for disability leave, the necessity for which was proximately caused by Coca-Cola.

20. During the course of Armstrong's employment, Coca-Cola, acting through its agents and employees, including Benton, Pegue, Coleman, Alexander, and Brown, in a continuous course of conduct, discriminated against Armstrong in the terms, conditions, and privileges of employment due to his sex, race, and/or religion in that:

   A. Coca-Cola committed, authorized, condoned, and/or ratified unwelcome verbal conduct of a sexual, racial, and religious nature, and/or conduct based on Armstrong's sex (male), race (Black), and religion (Christian) which created an intimidating, hostile or offensive work environment and altered the terms of his employment:
   B. Coca-Cola, by or through its agents, supervisors and/or employees knew or should have known of the harassment conduct against Coleman;
   C. Coca-Cola did not have any harassment reporting and complaint filing procedures, or if it had such procedures, the procedures were inadequate and ineffective;
   D. Coca-Cola dissuaded employees from filing complaints of discrimination, and otherwise failed to ensure that employees that utilized such procedures would be free from retaliation, and thus Coca-Cola did not take measures, or took ineffective measures, to prevent, correct or remedy harassment conduct, and ensure that it did not occur again;
   E. Armstrong opposed the harassment conduct when such conduct was occurring, requested the agent and manager of Coca-Cola stop the discriminatory conduct, and reported the harassment and employment discriminatory conduct to Coca-Cola's agents and managers and therefore reasonably attempted to avail himself of harassment reporting and complaint filing procedures, if any;
   F. Armstrong suffered tangible harm as a result of the hostile work environment at Coca-Cola.

21. Coca-Cola engaged in the conduct described above with malice or reckless indifference to the Title VII employment rights of its employees including Armstrong.

## 42 U.S.C. § 1981 CLAIM

22. Armstrong incorporates herein all the factual allegations, *supra*.

23. Armstrong alleges that Coca-Cola discriminated against him in the making of a contract of employment, on the same terms it offered to non-Black employees and/or employees that did not protest race discrimination. Such refusal was undertaken for the purpose of

interfering with and avoiding the rights of Armstrong and the contractual obligations of Coca-Cola in violation of 42 U.S.C. § 1981.

24. Coca-Cola's actions in discriminating and retaliating against Armstrong, including as noted in paragraphs 19 and 20, *supra*, were intentional acts of racial discrimination in violation of 42 U.S.C. § 1981.

25. Coca-Cola's actions were undertaken for the specific purpose of interfering with and avoiding the contractual obligations of Coca-Cola and the contractual rights of Armstrong, in violation of 42 U.S.C. § 1981.

26. Armstrong has no plain or adequate remedy at law to correct the wrongs complained of herein, and has thus instituted this suit for damages, including compensatory and punitive damages, declaratory relief and injunctive relief provided for under Title VII and 42 U.S.C. § 1981. Further, Armstrong is now suffering and will continue to suffer irreparable injury from Coca-Cola's policies, practices, customs, and usages, set forth herein.

## RELIEF REQUESTED

27. Armstrong requests that this Court grant him the following relief from Coca-Cola:

   A. A declaratory judgment against Coca-Cola, declaring Coca-Cola's past practices herein complained of to be unlawful under Title VII and 42 U.S.C. § 1981;

   B. A permanent injunction, enjoining Coca-Cola from continuing to discriminate against Armstrong on account of race discrimination and/or opposition to discriminatory employment practices, in violation of Title VII and 42 U.S.C. § 1981;

   C. Backpay, front pay, retroactive seniority, pension benefits, bonus payments, health benefits, and any other relief necessary to compensate Armstrong for his damages for Title VII and 42 U.S.C. § 1981 claims;

   D. Compensatory and punitive damages including damages for mental anguish, humiliation, loss of privacy, loss of reputation and emotional

        distress relating to Armstrong's Title VII claims to the maximum amount prescribed by law;

E.     Compensatory and punitive damages including damages for mental anguish, humiliation, loss of privacy, loss of reputation and emotional distress relating to Armstrong's 42 U.S.C.§ 1981 claim;

F.     Implementation of a clear and effective grievance procedure for employment discrimination complaints with an effective non-retaliation provision and advisement to all employees of Coca-Cola of such grievance and non-retaliation provisions;;

G.     Attorney fees from Coca-Cola for the prosecution of his Title VII and 42 U.S.C. § 1981 claims;

H.     Costs for the prosecution of the Title VII and 42 U.S.C. § 1981 claims;

I.     Pre-judgment interest at the legally prescribed rate from the date of the violations until judgment as well as post-judgment interest as applicable;

J.     Such other general relief to which Armstrong is justly entitled.

## JURY DEMAND

28.     Armstrong demands a jury on all Title VII and 42 U.S.C. § 1981 claims, specifically, the ultimate issues of fact as to the merits of the dispute, backpay, frontpay, employee benefits, and compensatory and punitive damages, excepting the attorneys' fees issues.

Respectfully Submitted,


/s/ Jane Legler Byrne
Christine Neill
Texas Bar No. 00796793
Jane Legler Byrne
Texas Bar No. 03565820
Neill & Byrne, PLLC
2214 Main Street 75201
(214) 748-7777
(214) 748-7778 (facsimiles)
cneill@neillbyrnelaw.com
jleglerbyrne@neillbyrnelaw.com
Attorneys for Plaintiff